IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DAVID T. MILLER,

    Plaintiff,
v.                                                                    CASE NO. 1:20-cv-226-MW-GRJ

RUBY TUESDAY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter comes before the Court *sua sponte*. Plaintiff, proceeding *pro se*, has filed a complaint alleging he was terminated in by Defendants in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* ECF No. 1 at 3.[1] Upon review, Plaintiff's Complaint raises a separate issue of whether this case was properly filed in the Northern District of Florida. The undersigned concludes it was not. Accordingly, it is respectfully **RECOMMENDED** that this case should be **TRANSFERRED** to the Jacksonville Division of the Middle District of Florida.

---

[1] Although Plaintiff cites Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, Plaintiff claims that he was terminated because of his age, ECF No. 1 at 9, not, as Title VII proscribes, "because of race, color, religion, sex, or national origin," 42 U.S.C. § 2000e. This distinction matters because Title VII has its own venue statute, § 2000e-5(f)(3), which does not apply to the ADEA.

Venue is proper in a civil action in a judicial district: (1) in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which the action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b); *see also Rebar v. Marsh*, 959 F.2d 216, 219 (11th Cir. 1992) (the general venue provisions of § 1391 apply to ADEA claims); *Webster v. Mattis*, 279 F. Supp. 3d 14, 19 (D.D.C. 2017) (same). Where a case has been filed in the wrong venue, "the district court of a district in which is filed a case laying venue in the wrong … district shall dismiss, or if it be in the interest of justice, transfer such case to any district … in which it could have been brought." 28 U.S.C. § 1406(a). The Court may remedy defective venue *sua sponte* so long as it gives the parties an opportunity to address the matter. *Lipofsky v. N.Y. State Workers Compensation Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988).

Plaintiff resides in Alachua County, and Defendant is a restaurant chain with its headquarters in Tennessee. ECF No. 1 at 2. Plaintiff does not address venue in his Complaint, but his exhibits demonstrate that he was employed at Defendant's restaurant location in Lake City, Florida,

when he was terminated.  *See, e.g.*, ECF No. 1 at 15, 30–32.  Lake City is in Columbia County, which lies within the geographical boundaries of the Jacksonville Division of the Middle District of Florida.  The Court previously advised Plaintiff of this potential defect and granted him leave to submit a supplemental memorandum addressing venue, file an amended complaint, or consent to transfer of this action consistent with § 1391(b), ECF No. 4, but Plaintiff failed to respond by the September 30, 2020, deadline.

Applying § 1391(b) to the record before the Court, it is clear that venue in this Court is improper.  Although the Court appreciates Plaintiff's desire to litigate this case close to his residence, it is bound by the statutory venue provisions governing Plaintiff's claim.  The action, therefore, should be transferred to the judicial district where the alleged discrimination occurred, § 1391(b)(2), which is the Middle District of Florida.

Accordingly, it is respectfully **RECOMMENDED** that this case should be **TRANSFERRED** to the Jacksonville Division of the Middle District of Florida.

**IN CHAMBERS** this 5th day of October 2020.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**